Rachel L. Fiset (SBN 240828)
rachel.fiset@rfzllp.com
Dawn Utsumi (SBN 247652)
dawn.utsumi@rfzllp.com
William M. Odom (SBN 313428)
william.odom@rfzllp.com
Garrison S. Murphy (SBN 364420)
garrison.murphy@rfzllp.com
**RFZ LAW LLP**
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170
Facsimile: (213) 582-8414

Attorneys for Defendants
ILINK EMPLOYERS
COMPANY; ILINK BUSINESS
MANAGEMENT, INC.; and
ALVARO GABRIEL AYALA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

ex rel. AMERICAN TAXPAYERS FIGHTING FRAUD LLC, a California Limited Liability Company

Relator,

v.

ILINK EMPLOYERS COMPANY, a Delaware Corporation; ILINK BUSINESS MANAGEMENT, INC., a California Corporation, ALVARO GABRIEL AYALA, an individual, and Does 1-10.

Defendants.

Case No. 5:22-CV-01004-RGK-DTBx
Assigned to: Hon. R. Gary Klausner

**DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS TO JURY**

[Hon. R. Gary Klausner's Order for Jury Trial ¶ 3]

Action Filed: June 17, 2022

Pretrial Conf.: October 5, 2026
Time: 9:00 a.m.
Court: 850, 8th Floor

**Trial Date: October 27, 2026**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants ILINK EMPLOYERS COMPANY ("IEC"); ILINK BUSINESS MANAGEMENT, INC. ("IBM"); and ALVARO GABRIEL AYALA ("Ayala") (collectively, "Defendants"), by and through their counsel of record, respectfully request that the Court include the attached questions in its examination of prospective jurors, pursuant to Paragraph 3 of the Court's Order for Jury Trial. Defendants also request leave to submit supplemental questions as appropriate, and reserve all objections to the proposed voir dire questions submitted by Relator (ECF No. 180).

DATED: September 28, 2026

**RFZ LAW LLP**

Rachel L. Fiset

Rachel Fiset

Attorneys for Defendants
ILINK EMPLOYERS COMPANY;
ILINK BUSINESS MANAGEMENT, INC.; and ALVARO GABRIEL AYALA

# DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

## A. THE NATURE OF THIS CASE AND THE PARTIES

1. This is a civil case, not a criminal case. The Relator, American Taxpayers Fighting Fraud LLC, is a private company that brought this lawsuit under the False Claims Act. The United States is named in the case title, but the lawsuit is being prosecuted by the Relator and its attorneys.
   a. Would the fact that the case is titled "United States of America" cause you to give the Relator's position more weight than the Defendants' position?
2. Under the False Claims Act, a relator that brings a lawsuit may receive a portion of any money recovered.
   a. Would knowing that the Relator may have a financial interest in the outcome affect how you view its evidence, in either direction?
   b. Do you have any feelings about a company whose business is investigating and bringing lawsuits of this kind?
3. Have you, a family member, or a close friend ever reported suspected wrongdoing by an employer or business to a government agency, or been involved in a "whistleblower" lawsuit or complaint?
   a. If so, please describe the experience and whether it would affect your ability to be fair to both sides.
4. Have you, a family member, or a close friend ever been accused of fraud, dishonesty, or misconduct in connection with a job, a business, or a government program? Have you ever made such an accusation against someone else?
5. One of the Defendants, Mr. Ayala, is an individual. The other two Defendants are companies. Would you have any difficulty treating the companies and the individual fairly and deciding the case separately as to each Defendant if instructed to do so?

**B. PPP LOANS AND PANDEMIC-ERA PROGRAMS**

6. Do you hold any opinion that businesses that received PPP loans, or that had PPP loans forgiven, probably did something wrong?

7. Do you hold strong views, positive or negative, about how the federal government spent money during the COVID-19 pandemic, such that it would be difficult for you to decide this case based only on the evidence presented in court?

8. Have you, a family member, or a close friend ever worked for a bank, lender, or loan processor, or for the Small Business Administration or any other government agency that administered pandemic relief?

9. Do you recall that the PPP rules and guidance changed several times while the program was underway? Do you believe it is possible for a business to make good faith mistakes in trying to follow rules that were new, complicated, or changing?

**C. BUSINESS OPERATIONS, PEOS, AND LICENSING**

10. Do you have any negative feelings or opinions about professional employer organizations ("PEOs"), staffing companies, or businesses that provide payroll and human resources services to other businesses?

11. Have you, or a business you owned or worked for, ever been required to obtain or renew a business license, permit, registration, or similar government approval?

    a. If so, have you or that business ever missed a filing, renewal, or deadline, or learned later that a requirement had not been satisfied?

    b. Did the business continue operating while it corrected the problem?

12. Do you believe that a business that overlooked an administrative requirement, such as a license, registration, or filing, has necessarily been dishonest? Or do you believe a business owner can honestly believe everything is in order and later learn that a requirement was missed?

13. Have you, a family member, or a close friend ever worked in a position involving compliance with complex federal or state regulations, government billing, or government contracting or grants?

**D. RELIANCE ON PROFESSIONALS AND OTHERS**

14. Do you hire a professional, such as a CPA, tax preparer, bookkeeper, lawyer, or loan broker, to prepare tax returns, financial paperwork, or applications for you or your business?
    a. If so, why do you use a professional rather than doing it yourself?

15. When you hire a professional because of expertise you do not have, do you generally trust that the work is being done correctly, or do you check every line and calculation yourself?

16. Has a professional you relied on, such as an accountant, tax preparer, or advisor, ever made a mistake on a document prepared for you or your business?
    a. If so, how did you learn of the mistake, and what did you do about it?
    b. Did you believe you had been dishonest, or that the professional had made an error?

17. Have you ever relied on the advice or instructions of someone with more authority or experience than you, and later learned the advice was wrong?

18. Would you have difficulty accepting that a person who relied in good faith on someone he or she trusted may not have acted with the knowledge required for liability?

**E. SIGNATURES, CERTIFICATIONS, AND STATE OF MIND**

19. Some people believe that if a person signs a document, he or she must have known about every statement and every error in it, regardless of who prepared it. Other people believe that a person can sign a document in good faith and still not know that it contains an error. Which view is closer to your own, and why?

20. Have you ever signed a document, such as a loan application, lease, tax return, or employment form, without reading every word or verifying every figure?

21. Do you believe there is a difference between an honest mistake, a clerical error, or a misunderstanding of a confusing rule, on the one hand, and knowingly making a false statement, on the other?

22. The Court will instruct you on the law, including what the Relator must prove about each Defendant's knowledge, and the Relator must prove its claims by a preponderance of the evidence. If you find that a document contained incorrect information, would you be able to follow the Court's instructions and decide separately whether the Relator has proven that a Defendant acted with the required knowledge?

23. Would you tend to assume that a person or business accused of fraud must have done something wrong simply because a lawsuit has been filed?

**F. FAIRNESS AND ABILITY TO FOLLOW THE LAW**

24. The Relator has the burden of proof on each element of its claims. Defendants are not required to prove anything. Would you have any difficulty following that instruction?

25. If you disagreed with a legal instruction given by the Court, would you nonetheless be able to follow it?

26. Is there any reason, whether or not covered by these questions, why you could not be completely fair and impartial to both the Relator and each of the Defendants?

# PROOF OF SERVICE

I, Beatrice Hilke, declare:

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

2. My business address is RFZ LAW LLP, 315 W. 9th Street, Suite 1200, Los Angeles, CA 90015.

3. On September 28, 2026, I served the document(s) described as **DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS TO JURY.**

See Attached Service List.

X By E-Service (ECF): I submitted an electronic version of this document and exhibits, if any, via PDF to all parties via ECF.

X [Federal] I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026, at Los Angeles, California.

A. Beatrice Hilke
Beatrice Hilke

**Service List**

Charles F. Dender (*pro hac vice*)
Madeline Harding (*pro hac vice* forthcoming)
Mollie Weiss (*pro hac vice* forthcoming)
**DICELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
Email: cdender@dicellolevitt.com
Email: mharding@dicellolevitt.com
Email: mweiss@dicellolevitt.com

Kristen L. Nelson (SBN 269318)
Kathryn Lee Boyd (SBN 189496)
Patrick Maloney (SBN 287667)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
Email: knelson@hechtpartners.com
Email: lboyd@hechtpartners.com
Email: pmaloney@hechtpartners.com

Michael Eggenberger (*pro hac vice*)
Kamilla Mamedova (*pro hac vice)*
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Tel.: (212) 851-6821
Email: meggenberger@hechtpartners.com
Email: kmamedova@hechtpartners.com

Attorneys for Relator AMERICAN TAXPAYERS FIGHTING FRAUD LLC